**YONG ZHANG, Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 07–0401–ag.

United States Court of Appeals,
Second Circuit.

Oct. 29, 2007.

Yong Zhang, Queens, NY, pro se, for
Petitioner.

Peter D. Keisler, Assistant Attorney
General, Civil Division, Lisa Arnold, Senior Litigation Counsel, Jennifer Keeney,
Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. CHESTER J.
STRAUB, Hon. SONIA SOTOMAYOR
and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Yong Zhang, a citizen of China, seeks review of the January 12, 2007
order of the BIA affirming the September
14, 2005 decision of Immigration Judge
("IJ") Patricia A. Rohan, denying petitioner's application for asylum, withholding of
removal, and relief under the Convention
Against Torture ("CAT"). *In re Yong
Zhang,* No. A97 740 325 (B.I.A. Jan. 12,
2007), *aff'g* No. A97 740 325 (Immig. Ct.
N.Y. City, Sept. 14, 2005). We assume the
parties' familiarity with the underlying
facts and procedural history of the case.

When the BIA does not expressly
"adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we
may consider both opinions for the sake of
completeness if doing so does not affect
our ultimate conclusion. *Wangchuck v.
DHS,* 448 F.3d 524, 528 (2d Cir.2006). We
review the agency's factual findings under
the substantial evidence standard. *See,
e.g., Dong Gao v. BIA,* 482 F.3d 122, 126
(2d Cir.2007).

As a preliminary matter, because Zhang
failed to challenge the agency's denial of
his CAT claim before this Court, we deem
any such arguments waived. *See Yueqing
Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1,
545 n. 7 (2d Cir.2005).

Substantial evidence supports the agency's denial of Zhang's application for asy-

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for

former Attorney General Alberto R. Gonzales
as a respondent in this case.

lum. As the agency found, Zhang failed to allege any past harm that was severe enough to rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Regarding future persecution, Zhang's "extremely" limited knowledge of, and participation in, Falun Gong undermined "an essential element" of his claim, to wit, the requisite nexus that he would be persecuted on the basis of his religious beliefs. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005) (explaining that an application for asylum may be dismissed if it is too vague to satisfy the alien's burden to identify facts corresponding to each of the elements of a refugee category). Furthermore, because Zhang testified that his parents had not told him of any further contact with authorities since his arrival in the United States, the BIA did not err in concluding that there is no evidence that Chinese authorities maintain an interest in him. Because substantial evidence supports the BIA's conclusion that Zhang does not have a well-founded fear of future persecution, the denial of his asylum application was not improper. *See Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000).

Further, because Zhang was unable to establish his eligibility for asylum, he was also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motions for a stay of removal and *in forma pauperis* are DISMISSED as moot.